# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

THOMAS R. PRINCE,  
    Plaintiff,

vs.

SCIOTO COUNTY COMMON
PLEAS COURT, *et al.*,  
    Defendants.

Case No. 1:20-cv-652

Black, J.  
Bowman, M.J.

**ORDER AND REPORT
AND RECOMMENDATION**

Plaintiff, an inmate at the Noble Correctional Institution, has filed a prisoner civil rights complaint in this Court. By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th

Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286

2

(1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

In the complaint, plaintiff alleges that on December 31, 2019, while at the Scioto County Jail, plaintiff was denied medical treatment after he fell and broke his right foot. (Doc. 1-2, Complaint at PageID 20). Plaintiff claims that he informed defendants Grooms, Wynn, and Carter, but was left without any medical care for four days. According to plaintiff, a doctor subsequently ordered that x-rays be taken after the swelling subsided, but plaintiff claims he was denied any further treatment until he was transferred from the jail a month later. Plaintiff claims that he attempted to use the grievance procedure to obtain medical help, but Grooms, Wynn, and Carter stopped his grievances from reaching the intended recipient. (*Id.* at PageID 21).

The complaint also includes allegations against defendants Scott Evans, Rachel Deahler, and Valerie Webb, the county prosecutor and his defense attorneys. Plaintiff claims that he was sentenced without a trial despite his having entered a not-guilty plea. (*Id.* at PageID 20).

For relief, plaintiff seeks monetary damages.

At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that plaintiff may proceed with his Eighth Amendment deliberate indifference claims against defendants Grooms, Wynn, and Carter in their individual

capacities. However, plaintiff's remaining claims should be dismissed. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

As an initial matter, to the extent that plaintiff challenges his state court criminal conviction, his sole remedy is through a petition for a writ of habeas corpus under 28 U.S.C. § 2254. *See Prieser v. Rodriguez*, 411 U.S. 475, 500 (1973). Where a state prisoner challenges the validity of his criminal conviction and seeks relief which would result in his immediate release or a speedier release from imprisonment, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Thus, to the extent plaintiff seeks relief in the form of an immediate or speedier release from imprisonment, his sole federal remedy is a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 after he has exhausted his state remedies. *See Preiser*, 411 U.S. at 500; *Hadley v. Werner*, 753 F.2d 514, 516 (6th Cir. 1985).

To the extent that plaintiff seeks money damages for alleged constitutional violations stemming from his criminal conviction, his § 1983 claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). A judgment in plaintiff's favor on any claim stemming from the state criminal proceedings against him would necessarily imply that his conviction and resulting imprisonment are invalid. *See id.*, 512 U.S. at 487. Because plaintiff has not alleged facts indicating that his conviction and resulting confinement have been invalidated by a federal or state court or other appropriate tribunal, he may not proceed with such a claim for damages in this § 1983 action.

The complaint must also be dismissed against defendants Evans, Deahler, and Webb, prosecutors and defense attorneys involved in plaintiff's state-court criminal case.

In order to maintain an action under 42 U.S.C. § 1983, plaintiff must allege that the person engaging in the conduct complained of was acting under color of state law and that this

4

conduct deprived plaintiff of some right secured by the Constitution or laws of the United States. *Graham v. National Collegiate Athletic Ass'n*, 804 F.2d 953, 957 (6th Cir. 1986) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986)). As lawyers representing a client, defendants Deahler and Webb were not state actors within the meaning of § 1983. *See Polk County v. Dodson*, 454 U.S. 312 (1981) (holding that public defender does not act under color of state law for purposes of § 1983); *McCord v. Bailey*, 636 F.2d 606, 613 (D.C. Cir. 1979) (applying *Polk County* to retained criminal lawyers). *See also Catz v. Chalker*, 142 F.3d 279, 289 (6th Cir. 1998). Therefore, plaintiff's complaint fails to state a claim for relief under section 1983 against defendants and is subject to dismissal.

The complaint should also be dismissed against defendant prosecutor Evans. "Prosecutors are entitled to absolute immunity for conduct 'intimately associated with the judicial phase of the criminal process.'" *Manetta v. Macomb County Enforcement Team*, 141 F.3d 270, 274 (6th Cir. 1998) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). This includes a county prosecutor's initiation of a prosecution and presentation of the State's case at trial. *Imbler*, 424 U.S. at 431. *See also Jones v. Shankland,* 800 F.2d 77, 80 (6th Cir. 1986). A prosecutor's initiation and presentation of a case to a grand jury falls within the traditional functions of the prosecutor and is shielded by absolute immunity. *Grant v. Hollenbach,* 870 F.2d 1135, 1139 (6th Cir. 1989). Courts have consistently recognized that even the knowing presentation of false testimony to a grand jury or a trial jury are actions protected by absolute immunity. *See Spurlock v. Thompson,* 330 F.3d 791, 797-98 (6th Cir. 2004). *See also Imbler,* 424 U.S. at 413, 430; *Buckley v. Fitzsimmons,* 509 U.S. 259, 267 n. 3 (1993). Such "absolute

5

prosecutorial immunity is not defeated by a showing that a prosecutor acted wrongfully or even maliciously." *Lomaz v. Hennosy,* 151 F.3d 493, 498 n. 7 (6th Cir. 1998). In this case, plaintiff's claims against defendant Evans are premised on the prosecutor's initiation and pursuit of criminal charges against plaintiff. Because these activities are intimately associated with the judicial phase of the criminal process, defendant Evans is entitled to immunity.

Accordingly, in sum, plaintiff may proceed with his Eighth Amendment deliberate indifference claims against defendants Grooms, Wynn, and Carter in their individual capacities. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). Having found that the remaining allegations in the complaint fail to state a claim upon which relief may be granted, plaintiff's remaining claims should be dismissed.

## IT IS THEREFORE RECOMMENDED THAT:

The complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), with the exception of plaintiff's deliberate indifference claims against defendants Grooms, Wynn, and Carter in their individual capacities.

## IT IS THEREFORE ORDERED THAT:

1. The United States Marshal shall serve a copy of the complaint, summons, the Order granting plaintiff *in forma pauperis* status, and this Order and Report and Recommendation upon defendants Grooms, Wynn, and Carter as directed by plaintiff, with costs of service to be advanced by the United States.

2. Plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the

Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendant or defendant's counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

    3.  Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

*/s/ Stephanie K. Bowman*

Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| THOMAS R. PRINCE,<br>　　Plaintiff, | Case No. 1:20-cv-652 |
| vs. | Black, J.<br>Bowman, M.J. |
| SCIOTO COUNTY COMMON<br>PLEAS COURT, *et al.*,<br>　　Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).