**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

THOMAS R. PRINCE,

       Plaintiff,

  v.

SCIOTO COUNTY COMMON PLEAS COURT, et. al.,

       Defendants.

Case No. 1:20-cv-652

Cole, J.
Bowman, M.J.

**MEMORANDUM OPINION AND ORDER**

## I.  Background

Plaintiff, presently incarcerated at the Noble Correctional Institution and proceeding pro se and *in forma pauperis*, initiated this civil rights case against multiple defendants on August 21, 2020.  The undersigned reviewed Plaintiff's claims under the initial screening standards of 28 U.S.C. §§1915(e) and 1915A and filed a Report and Recommendation ("R&R") that recommended the dismissal of multiple claims and defendants. (Doc. 4).[1]  However, the Court directed summons to issue to Defendants Grooms, Wynn, and Carter in their individual capacities on Plaintiff's claims that those Defendants exhibited deliberate indifference to Plaintiff's serious medical needs when he was denied medical treatment for a broken foot during the time in which he was a pretrial detainee at the Scioto County Jail. (Doc. 4 at 3).

Discovery recently concluded on August 16, 2021; dispositive motions are due not later than October 15, 2021. (Doc. 11).  Throughout the discovery period, Plaintiff has filed numerous discovery-related motions.  On April 25, 2021, the Court denied two prior

---

[1]The R&R, along with Plaintiff's objections, remains pending before U.S. District Judge Douglas R. Cole.

motions. (Doc. 18). In that Memorandum Order, the Court explained to Plaintiff that "[n]either Plaintiff's pro se status nor the fact that he is incarcerated permit leniency in" the application of the procedural rules that govern civil cases. (*Id*.)

Since entry of that Order, Plaintiff has filed four new discovery-related motions, none of which comply with procedural rules. Plaintiff's current discovery motions include: (1) a "Motion for an Order to Sustain[] Plaintiff[']s Objection to portions of Defense[']s Request to Produce" (Doc. 20); (2) a "Motion to Compel" (Doc. 21); (3) a "Motion for Extension of Time" (Doc. 23); and (4) a second "Motion to Compel" (Doc. 25). Also in violation of procedural rules, Plaintiff has filed a copy of Interrogatories and a response to Defendant's discovery requests. (Docs. 26, 27). In a fifth pending motion, Plaintiff seeks to amend his complaint. (Doc. 28). For the reasons that follow, the improperly filed discovery will be stricken from the record and all of Plaintiff's motions will be DENIED. However, in the interests of judicial economy, Defendants will be directed to clarify that they have completed their responses to certain of Plaintiff's Requests for Production.

## II.    Analysis

### A.  Plaintiff's Procedurally Improper Discovery Motions

In denying Plaintiff's prior two discovery motions, the Court explained that "no discovery-related motion (such as a motion to compel or for a protective order) is to be filed with this Court unless the party seeking to file the motion has first exhausted all attempts to resolve the dispute without the Court's intervention." (Doc. 18). None of Plaintiff's new discovery motions comply with this rule.

### 1. Plaintiff's First Motion for Protective Order and Motion to Compel

On May 10, 2021, Plaintiff filed two motions.  In the first, Plaintiff seeks an order of this Court sustaining  his "objections" to responding to Defendant's written discovery requests.  Plaintiff's motion is appropriately construed as a motion for a protective order, insofar as he seeks to avoid producing allegedly "redundant" discovery responses until Defendants first produce the evidence sought by Plaintiff.  (Doc. 20).  In a second closely related "motion to compel," Plaintiff seeks to compel Defendants' response to Plaintiff's outstanding requests.  (Doc. 21).

Defendants' responses in opposition to these motions are well-taken.  (*See* Docs. 22, 31).  Plaintiff failed to comply with Rules 26(c) and 37(a)(1) of the Federal Rules of Civil Procedure and Local Rule 37.1 prior to filing either the construed motion for protective order or the motion to compel.  Those rules required Plaintiff to certify that he had fully exhausted all efforts to resolve the dispute with defense counsel prior to filing any motion.[2]  In addition, Plaintiff filed his motion to compel prematurely, prior to the date that Defendants' discovery responses were due. Therefore, both motions are denied for procedural reasons.

In addition to the procedural deficiencies, both motions are subject to denial on the merits.  Plaintiff's request for a protective order is denied because Defendants are entitled to discover any relevant information – regardless of whether Plaintiff believes that Defendants are already in possession of the same information.  *See generally*, Fed. R. Civ. P. 26(b)(1).   In any event, Defendants clarify that they "are only requesting

---

[2]Any such certification must detail those efforts.

3

documents in Plaintiff's control or possession that have not already been disclosed by Defendants." (Doc. 31 at 2). With respect to Plaintiff's first motion to compel, Defendants have provided a copy of the service letter verifying that they timely responded to Plaintiff's Requests for Production on May 11, 2021. (Doc. 22-1).

### 2. Second Motion for Protective Order and Motion to Compel

#### (a) Construed Motion for Protective Order

On May 28, 2021, Plaintiff filed a new motion, this time seeking an extension of time in which to produce responses to Defendants' discovery requests and/or an order from this Court authorizing him to produce a "Notice of Intent" listing the evidence on which Plaintiff plans to rely in lieu of production. (Doc. 23). This motion is also appropriately construed as a motion for a protective order. It is denied for the same procedural reason (a failure to certify extrajudicial efforts to resolve the dispute) as well as on the merits. Defendants are entitled to discovery of the documents that Plaintiff intends to use in this case. The Federal Rules of Civil Procedure do not authorize a "Notice of Intent" merely listing the categories of documents in lieu of production.

#### (b) Motion to Compel Supplemental Responses

Plaintiff also filed a "response to Defendants['] Failure to Produce Requested Documents and Video Motion to Compel" (Docs. 24-25). This second motion to compel generally complains that Defendants produced the "Bare minimum correspondence" and otherwise have failed to *fully* respond to the Requests for Production previously served by this Court on Plaintiff's behalf. In a reply memorandum in support of his motion, Plaintiff asserts that he was not required to confer with Defendants to resolve this dispute

4

prior to filing his motion because the Court directed the Defendants to respond. (*See* Doc. 29, citing Doc. 18).

Plaintiff misconstrues the prior Order.  Contrary to Plaintiff's belief, the Order emphasized the need to comply with procedural rules requiring certification prior to filing <u>any</u> future discovery motion.  The Court only excused the "service" rule as a one-time show of leniency.  Thus, rather than striking Plaintiff's improperly filed discovery requests, the Order stated: "On this one occasion only, the Court will not strike Plaintiff's construed discovery motion but will direct Defendants to respond to the attached request [for discovery] as if it had not been filed in the record, but instead had been served by Plaintiff upon defense counsel."  (Doc. 18 at 3).  The same Order made clear that Defendants were only required to "respond …as if the request had not been filed of record," and explicitly stated that "Defendants remain entitled to assert any appropriate objections." (*Id*. at 4, ¶ 2(b)).  In short, the Court's Order did not waive the procedural rule embodied in Federal R. Civ. P. 37 and Local Rule 37.1.

 Defendants have confirmed that they timely responded to all of Plaintiff's Requests for Production. (Docs. 22, 31 at 4; *see also* Doc. 31-1).  Thus, Plaintiff's motion concerns his disagreement with Defendants' objections, and Plaintiff's view that Defendants should have produced more documents than they did.  But Plaintiff failed to confer with defense counsel to resolve the dispute prior to filing his motion.  In addition, Plaintiff did not include copies of the relevant responses, so the Court is unable to fully evaluate the propriety of the Defendants' objections to further production.  For both of these procedural reasons, Plaintiff's motion to compel must be denied.

5

At the same time, in the interests of judicial economy, the Court has examined the substance of the underlying dispute as best as the Court can decipher it without detailed argument or complete copies of Defendants' responses.  In his motion, (Doc. 25), Plaintiff *generally* complains about Defendants' responses to the following seven categories of his Requests for Production[3]: (1) Medical records created by Sheriff's Department staff, medical orders given to the jail, and notices of appointments made for Plaintiff, (*see* Doc. 17-1, Request #3); (2) all log entries entered by Scioto County Jail Sheriff Department employees and correction officer employees for the jail for the dates of 1/1/20 through 1/22/20, (*id.*, Request #4); (3) video for the dates 1/1/20 through 1/5/2020 for the C-Pod area, (*id.*, Request #6); (4) Pictures of cells on C-Pod and cells and medical bunks on E-pod (medical pod) as well as pictures of medical pod showers (*id.*, Request #7); (5) "all correspondence" on the Scioto County Jail electronic communications systems including grievances or responses thereto, (*id.*, Request #8); (6) Paper grievance forms filed by Plaintiff, (*id.*, Request #11); and (7) various court records, (*id.*, Request #12).

It is the burden of the moving party to prove that further production should be compelled, and Plaintiff (even if his motion were not procedurally defective for the reasons stated) has failed to carry that burden.  Plaintiff's failure to specify what documents are missing and failure to provide this Court with copies of the relevant portions of Defendants' objections make it impossible to determine whether production is complete. Nevertheless, and without finding any impropriety, Defendants will be directed to file a

---

[3]With respect to the single claim permitted to proceed, Plaintiff alleges that he broke his foot on or about December 31, 2019 and that the Defendants exhibited deliberate indifference thereafter.  The scope of discovery therefore is limited to documents close-in-time to the incident at issue.

Notice clarifying that all relevant and responsive documents within the seven categories, and subject to any objections, have in fact been produced.

Turning to the handful of general arguments made by Plaintiff, Plaintiff seeks greater detail than provided in the jail logs produced by Defendants. However, Defendants explain that they produced over 400 pages of shift logs from January and February 2020. (*See*, *e.g.*, Doc. 31-2).  Reviewing Plaintiff's argument, the Court agrees with Defendants that what Plaintiff appears to have been seeking is not the shift logs that were requested and produced in full, but instead, copies of incident reports.  Notably, Plaintiff's prior Request #4, (*see* Doc. 17-1), did not seek "incident reports." However, Defendants voluntarily have now produced those reports.  (Doc. 31-3).

Plaintiff complains about the lack of video evidence, noting that he was informed that relevant evidence was "sent to the prosecutor's office."  (Doc. 25 at 6).  However, defense counsel represents, as an officer of the Court, that no video was produced "because there is no longer any video footage available from December 2019 and January 2020." (Doc. 31-1 at 4).  "Unless specific video footage is pulled and saved, the jail's video system overwrites old video."  (*Id*.)  Defendants cannot be compelled to produce evidence that no longer exists.

Plaintiff also complains about the lack of photographic evidence.  Defendants state that they previously provided Plaintiff with pictures that Plaintiff requested, and that it remains unclear what relevant pictures Plaintiff still seeks. (Doc. 31 at 5).  In his reply, Plaintiff explains that he is seeking photographs "of inside cells on C-Pod (not just the outside of the Doors)" along with "Inside shower on E-Pod (Medical) and photos of

Medical bunks E through Z." (Doc. 32 at 2). It appears that Defendants responded to Request #7 as written but that Plaintiff now seeks additional photographs of more specific areas. Defendants are not required to create new photographic evidence on Plaintiff's behalf. However, Defendants should respond to the extent that the requests identify any relevant evidence, not previously produced and not subject to objection, that remains in Defendants' possession or control.

Plaintiff asserts without evidence that Defendants have not produced the "entire correspondence record with all staff on the electronic communication system with the Plaintiff." (Doc. 32 at 1). Defense counsel responds that Defendants have produced all relevant pages from the system called "The Edge Exchange." (Doc. 31-1).

Plaintiff complains about Defendants' objection to Request #11 (production of grievance forms). According to Plaintiff, Defendants objected to the scope of the Request as overbroad because it did not identify any relevant time period. The Court assumes that, notwithstanding a legitimate objection to an undefined temporal scope, Defendants have in fact produced *relevant* grievance forms.

As to Plaintiff's request for court records, (Request #12), Defendants are only required to produce court records that are in Defendants' possession or control. If Defendants have no records, then their response that the records may be obtained by Plaintiff through public records requests directed to the relevant court is appropriate.

In addition to seeking the additional production of documents, Plaintiff complains that Defendants have failed to respond to his Interrogatories. However, the Court previously served only Requests for Production on Plaintiff's behalf, not Interrogatories.

8

(*See* Doc. 18).  In addition, the Interrogatories at issue appear directed to non-parties, Antony Crawford and Rachel Daehler, which is procedurally improper.  *See* Rule 33(a). Defendants need not respond to Interrogatories directed to non-parties.

### B.  Plaintiff's Improperly Filed Discovery Requests and Responses

The Court's last Order explained that "discovery requests or responses to such requests should be filed only in connection with a motion before the Court." (Doc. 18). In violation of this Order, Plaintiff has filed a "Notice of intent to use evidence" in response to Defendants' discovery requests. (Doc. 26).   Plaintiff also has filed a set of interrogatories directed to a non-party, Antony Crawford.  (Doc. 27).  Consistent with prior Orders, these procedurally improper documents will be stricken. (*See* Docs. 18, 35, striking Plaintiff's written discovery requests as improperly filed of record).

### C.  Plaintiff's Motion to Amend Complaint

In addition to his discovery motions and improperly filed discovery, Plaintiff has filed a motion to amend his complaint in order to add three additional individual Defendants. (Doc. 28).  Defendants have filed a response in opposition that is well taken. (Doc. 30).  Plaintiff's motion is denied on procedural grounds because he has failed to include a copy of the proposed amended complaint with his motion or adequate notice of the substance of his amendment.  *See Roskam Baking Co. v. Lanham Machinery Co.*, *Inc.*, 288 F.3d 895, 906 (6th Cir. 2002).  While the merits of Plaintiff's motion remain questionable, the denial of the motion on procedural grounds is without prejudice to Plaintiff's right to file a new motion that includes a copy of the proposed amended

complaint.[4]

III.    **Conclusion and Order**

For the reasons stated, **IT IS ORDERED THAT:**

1.  Plaintiff's construed motions for protective orders (Docs. 20, 23) and motions to compel (Docs. 21, 25) are **DENIED;**

2.  Plaintiff's improperly filed discovery requests and responses (Docs. 26, 27) are **STRICKEN**;

3.  Plaintiff's motion to amend his complaint to add parties (Doc. 28) is **DENIED**;

4.  Notwithstanding the denial of Plaintiff's discovery motions, Defendants shall file a Notice, on or before September 10, 2020, that verifies that Defendants have produced all relevant and discoverable information sought by Plaintiff in the categories discussed in pages 6-8 of this Order.

*s/ Stephanie K. Bowman*
*S*tephanie K. Bowman
United States Magistrate Judge

---

[4]In a reply memorandum, Plaintiff argues that he is only attempting to "add names to the complaint, not change the complaint." (Doc. 33). Plaintiff is forewarned that a failure to identify what a proposed individual defendant has done is generally insufficient to state any claim. In addition, the amendment of pleadings following the close of discovery is strongly disfavored due to the likelihood of prejudice to the opposing party.