UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

THOMAS R. PRINCE,

    Plaintiff,

v.

SCIOTO COUNTY COMMON
PLEAS COURT, COURT
EMPLOYEE, et al.,

    Defendants.

Case No. 1:20-cv-652
JUDGE DOUGLAS R. COLE
Magistrate Judge Bowman

## ORDER

This cause comes before the Court on the Magistrate Judge's October 16, 2020, Report and Recommendations (the "First R&R) (Doc. 4) and on the Magistrate Judge's May 18, 2022, Report and Recommendations (the "Second R&R") (Doc. 46). In her first R&R, the Magistrate Judge recommends that the Court dismiss the claims in Plaintiff Thomas R. Prince's Complaint (Doc. 3), with the exception of his individual-capacity claims against Defendants James Carter, Bradley Grooms, and Daryl Wynn. In her second R&R, the Magistrate Judge recommends that the Court also grant those Defendants' Motion for Summary Judgment (Doc. 41) and thereby dismiss the remaining claims in Plaintiff Thomas R. Prince's Complaint (Doc. 3). For the reasons stated more fully below, the Court **ADOPTS** both the First R&R (Doc. 4) and the Second R&R (Doc. 46), **GRANTS** the Defendants' Motion for Summary Judgment (Doc. 41), and thereby **DISMISSES** Prince's Complaint (Doc. 3) in its entirety **WITH PREJUDICE**.

Each R&R advised that failing to object within the 14 days specified by the R&R could result in forfeiture of rights on appeal, which includes the right to District Court review. (*See* Doc. 4, #59; Doc. 46, #597); *see also Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed."); *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting "fail[ure] to file an objection to the magistrate judge's R&R … is forfeiture"); 28 U.S.C. § 636(b)(1)(C). That said, the Court (another Judge was assigned to this case at the time) granted an extension of time to object to the First R&R until December 30, 2020. (*See* 11/3/2020 Notation order). And, consistent with that extension, Prince filed his purported Objection (Doc. 7) to the First R&R on November 18, 2020.

That filing, however, neither cites legal authority, nor otherwise properly objects to the First R&R. *See Richards v. Colvin*, No. 2:12cv748, 2013 WL 5487045, at *1 (S.D. Ohio Sept. 30, 2013) (district court review applies only to portions of R&R to which a proper objection is made). More specifically, Prince fails to identify any specific asserted error in the First R&R. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."). Instead, Prince largely ignores the First R&R and propounds a narrative according to which Scioto County has a "conflict of interest" because it is both criminally prosecuting him and defending his civil action. (*See generally* Obj., Doc. 7, #71–75). For present purposes, the problem with that is that Prince's filing amounts, at best, to a general objection to the

2

Magistrate Judge's First R&R, which is insufficient. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (general objection "has the same effect [] as would a failure to object").

True, Prince is proceeding pro se, and as such his filings are to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). At the same time, pro se litigants must still comply with the procedural rules that govern civil cases. *McNeil v. United States*, 508 U.S. 106, 113 (1993). Prince has not done so here. Thus, the Court declines to treat his purported Objection as an actual objection.

As for the Second R&R, the parties would have needed to object by June 1, 2022. No party has objected.

Accordingly, as things stand, both R&Rs are essentially unobjected. But, although no party has properly objected to either R&R, the advisory committee notes to Federal Rule of Civil Procedure 72(b) nonetheless suggest that the Court still must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See also Jackson v. Drug Enf't Admin.*, No. 1:21-cv-402, 2022 WL 60312, at *1 (S.D. Ohio Jan. 6, 2022) (reviewing for clear error absent an objection to a Magistrate Judge's R&R); *Mavrakis v. Warden, S. Ohio Corr. Facility*, No. 5:17 CV 2398, 2018 WL 4104187, at *3 (N.D. Ohio Aug. 28, 2018) (same); *Mason v. Comm'r. of Soc. Sec.,* No. 1:10 CV 2456, 2011 WL 3022016, at *1 (N.D. Ohio July 22, 2011) (same). Here, the Court has reviewed both R&Rs, and concludes that neither contains "clear error on [its] face." Fed. R. Civ. P. 72(b) (advisory committee notes).

Prince's Complaint combines two separate sets of allegations: (1) Prince alleges that he was convicted and sentenced in state court without a trial despite having entered a plea of not guilty; and (2) Prince alleges that some of the Defendants were deliberately indifferent to his serious medical needs after he fell and broke his right foot on December 31, 2019. (*See* First R&R, Doc. 4, #54). Pursuant to her sua sponte screening obligations, the Magistrate Judge determined in her First R&R that the claims based on the first set of allegations should be dismissed. That is because Prince's only option for challenging his state court conviction is to petition for a writ of habeas corpus, and Prince cannot pursue any constitutional claims for damages based on that state court conviction unless and until a federal or state court invalidates it. (*See* Doc. 4, #55). However, the Magistrate Judge did not at that time recommend dismissal of the deliberate indifference claims. (*See id.* at #57).

In her Second R&R, the Magistrate Judge recommended that the Court grant the Defendants' Motion for Summary Judgment on those deliberate indifference claims. The Magistrate Judge found that, for two independent reasons, there was no genuine dispute that Prince's deliberate indifference claims fail as a matter of law. First, the record evidence established that the Defendants did not prevent Prince from receiving care for his foot, but instead provided ibuprofen and ice, ordered an x-ray, and facilitated a physician visit to examine it. (*See* Doc. 46, #594–95). Second, Prince's allegations to the contrary notwithstanding, the x-ray and examination revealed that Prince did not break his foot. (*See id.* at #595–96).

The Court finds no error, much less clear error, in any of these determinations. Accordingly, the Court **ADOPTS** both the First R&R (Doc. 4) and the Second R&R (Doc. 46). The Court thus **GRANTS** the Defendants' Motion for Summary Judgment (Doc. 41) and **DISMISSES** Prince's Complaint (Doc. 3) in its entirety **WITH PREJUDICE**. The Court **DIRECTS** the Clerk to enter judgment and **TERMINATE** this case on the docket.

SO ORDERED.

July 29, 2022
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**